JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEVERLY MILEHAM, an individual. <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., an Arkansas corporation; SHARAY FANIO, an individual; DOES 1 through 100, inclusive, <br><br> Defendant. | Case No. ED CV19-02408-AB (SPx) <br><br> **Order GRANTING Plaintiff's Motion to Remand (Dkt. No. 9)** |

Before the Court is Plaintiff's Motion to Remand ("Motion," Dkt. No. 9). Wal-Mart Stores, Inc. ("Defendant") filed an opposition and Plaintiff filed a reply. Having considered the materials submitted by the parties, and for the reasons indicated below, the Court **GRANTS** Plaintiff's Motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    **A. Plaintiff's Complaint**

On September 10, 2019, Beverly Mileham ("Plaintiff") filed her Complaint against Defendant and defendant Sharay Fanio alleging that Plaintiff was injured while on Defendants' premises. *See generally* Complaint (Dkt. No. 1-4). Plaintiff alleges that she was walking in a cross walk on the premises and was struck by a car due to "dangerous conditions" such as the lack of proper traffic signs and other

1.

unobvious dangerous conditions.

Plaintiff alleges two cause of action: premises liability and general negligence. Plaintiff alleges that her injuries were caused by Defendants' negligent control and maintenance of the premises, and that her injuries would not have occurred but for the negligence of Defendants.

On January 14, 2020, Defendants removed the action under 28 U.S.C. § 1332 on the ground that the district court has diversity jurisdiction.

### B. Defendant's Notice of Removal and Plaintiff's Motion for Remand

On December 16, 2019, defendant Wal-Mart Stores, Inc. ("Walmart") removed the action to this Court. In the Notice of Removal ("NOR," Dkt. No. 1), Walmart alleges that defendant Sharay Fanio is a "sham" defendant whose citizenship must be disregarded for the purposes of determining complete diversity. (NOR ¶ 3).

Plaintiff now moves to remand the action back to the San Bernardino Superior Court. Plaintiff contends that the Court lacks diversity jurisdiction because there is not complete diversity among the parties. Defendants oppose.

## II. LEGAL STANDARD

### A. Removal

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus v.*

*Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*. Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id*.

### B. Fraudulent Joinder

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art and does not connote any intent to deceive on the part of plaintiffs or their counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd.*, 710 F.2d 549 (9th Cir. 1983). The relevant inquiry is whether plaintiff has failed to state a cause of action against the non-diverse defendant, and the failure is obvious under settled state law. *Morris*, 236 F.3d at 1067; *McCabe*, 811 F.2d at 1339.

The burden of proving fraudulent joinder is a heavy one. *Gaus*, 980 F.2d at 566. The removing party must prove there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). In this regard, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *4 (C.D. Cal. Jan.7, 2013) (internal quotations omitted); *accord Ballesteros v.*

*American Standard Ins. Co. of Wisconsin*, 436 F.Supp.2d 1070, 1072 (D. Ariz. 2006) (same) (citing *Mayes v. Rapoport*, 198 F.3d 457, 463-64 (4th Cir. 1999).

### III. DISCUSSION

#### A. The Court Lacks Diversity Jurisdiction Over This Action

There is no dispute that the $75,000 amount in controversy requirement is met. In fact, in a discovery response, Plaintiff stated that the amount of damages she seeks exceeds $75,000. (NOR Ex. 4, 4:3-15).

The issue here is whether there is complete diversity between the parties. Plaintiff is a citizen of California and Walmart is a citizen of Delaware and Arkansas, so they are diverse. (NOR at 3) The question is whether individual defendant Sharay Fanio destroys complete diversity. Plaintiff claims she is suing Sharay Fanio because Plaintiff conducted a LexisNexis People Search to identify the owner of the property and Sharay Fanio's name came up in conjunction with that search. See Opp'n (Dkt. No. 14) p. 3, Ex. A.

First, Walmart's position is that Sharay Fanio is a sham defendant whose citizenship should be disregarded. Walmart argues Sharay Fanio is not connected to Walmart, that Plaintiff did not provide evidence demonstrating Sharay Fanio is a California citizen, and that Sharay Fanio was not properly served. Therefore, she is not a proper defendant in this case. Regarding Sharay Fanio's connection to Walmart, Walmart argues she is not an employee of the Walmart store where the accident occurred, and provided a declaration of its store manager Graham Clark to that effect. *See generally* Clark Decl. (Opp'n Ex. 1 ).Walmart asserts they are unaware of any connection between Sharay Fanio and its store. Walmart argues that Plaintiff has failed to prove that Sharay Fanio is connected to Walmart's store because the address that Plaintiff found through a Lexis Nexis search showed that Sharay Fanio owned the property at 20251 US Highway 18 Apt. 18 Apple Valley, CA 92307 and the parking lot the accident occurred in is 20251 Hwy 18, Apple Valley CA, 92307. The address looks to be the same except, the address associated with Fanio mentions Apt. 18,

where Walmart's does not. Walmart argues that Sharay Fanio is not a citizen because Plaintiff has not shown any evidence that correlates with them being a citizen of California. Citing *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983), Walmart argues even if Sharay Fanio lives in California, it does not mean she is domiciled in or a citizen of the state. Walmart argues Sharay Fanio was not properly served. With all this taken into consideration, Walmart argues Sharay Fanio is not a proper party to the lawsuit and is therefore a sham defendant whose citizenship should be disregarded.

However, Plaintiff argues Sharay Fanio is a valid defendant because of their research and Walmart has not done enough to refute this. Plaintiff found Sharay Fanio's name after conducting a LexisNexis People Search on the property where the accident occurred to identify the property owner. Plaintiff argues she did not allege that Sharay Fanio is employed by Walmart. She alleged that Sharay Fanio may have an ownership right in the property. Plaintiff argues that Walmart has not proven it is the sole owner of the property because it has not provided any evidence that defeats Plaintiff's LexisNexis search. As to the argument of whether Sharay Fanio is a California citizen, Plaintiff asserts she does not carry the burden of proving Sharay Fanio's citizenship, Walmart does. *See Lewis v. Verizon Commc'ns Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) (the removing party bears the burden of proving diversity of citizenship). In connection with Walmart's last point of whether Sharay Fanio was properly served, Plaintiff argues that Sharay Fanio was sub-served at the Walmart location. With all this taken into consideration Plaintiff argues that Sharay Fanio is a proper party to the litigation.

The Court concludes that Walmart has not proven that Sharay Fanio is a sham defendant. As outlined above, the burden for proving that a defendant is a sham is a heavy one. *Gaus*, 980 F.2d at 566. Walmart must show there is no plausible way for Plaintiff to pursue a cause of action against Sharay Fanio. *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998). Plaintiff needs only "a glimmer

of hope" that she can pursue an action against Sharay Fanio to prove that Sharay Fanio is not a sham defendant. *Id*. Plaintiff has filed competent evidence ostensibly linking Sharay Fanio to the property, raising at least the possibility that they could be liable for accidents that occur thereon. *See* Mot. Ex. A. By contrast, Walmart did not demonstrate that it is or was the sole owner of the property where the accident occurred at the time of the accident. In its opposition, Walmart provided a parcel number that is meant to be used to identify a lot using the San Bernardino County property tax public record page and a link to said page. *See* Opp'n at 5. However, the link provided does not bring up any information and the parcel number provided does not identify any property and seems to be missing a number. Furthermore, Walmart did not attempt to present this information as competent evidence, such as by submitting it with a declaration and asking the Court to take judicial notice of it. Therefore, Walmart has presented no evidence—competent or otherwise—that it is the sole owner of the property sufficient to rebut Plaintiff's showing.

Furthermore, as Plaintiff points out, Walmart carries the burden of proving complete diversity and Walmart has not presented anything on Sharay Fanio's citizenship to meet that burden.

Walmart has not met its heavy burden to show that there is no possibility Plaintiff could assert a claim against Sharay Fanio, so it has not shown that she is a sham defendant whose citizenship should be disregarded. *Chavez v. Amerigas Propane, Inc.*, 2013 WL 25882, at *8 (C.D. Cal. Jan. 2, 2013) (citation omitted). Nor has Defendant shown that Sharay Fario is a citizen of a state other can California. Because it is possible Plaintiff may state a claim against Sharay Fanio, and because complete diversity of the parties has not been established, the Court lacks subject matter jurisdiction over this action. The Court need not address the parties' alternative arguments.

### B. Attorneys' Fees

The Court can award attorneys' fees when there is no objectively reasonable basis for removal. 28 USC §1447(c). The Court has the discretion to award fees when the party moving for remand can show that removal was frivolous. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

Here, the Court does not find that Walmart's removal was frivolous. Although Walmart not establish that Sharay Fanio was a sham defendant or a California citizen, the removal was objectively reasonable. Therefore, the Court denies Plaintiff's request for attorneys' fees.

### IV. CONCLUSION

The Court lacks jurisdiction over this case and therefore it must be remanded to state court. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand. (Dkt. No. 9.) Plaintiff's request for attorneys' fees and costs is **DENIED**.

The Court hereby **REMANDS** this case to the Superior Court of California from which it was removed.

**IT IS SO ORDERED.**

Dated: March 24, 2020  _____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE